In the Matter of the Application of LILLIAN BRODERICK, Appellant, for a Mandamus Order against BOARD OF EDUCATION OF THE CITY OF YONKERS, Respondent.— Order denying motion for an alternative mandamus order, so called, unanimously affirmed, with costs, as a matter of law and not as a matter of discretion, upon the ground that appellant's degree of bachelor of laws does not qualify her for equality, under the Education Law, with those teachers holding the degree of bachelor of arts. Present — Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ.

In the Matter of the Application for Letters of Administration of the Goods, Chattels and Credits Which Were of MARY CONLEY HEFFERNAN, Deceased. OLGA CONLEY PAUL, Respondent; JAMES HEFFERNAN, Appellant.— Decree of the Surrogate's Court of Queens county reversed upon the law and the facts, with costs, payable out of the estate, to both parties filing briefs, and the matter remitted to the Surrogate's Court to issue letters to the husband, the objector appellant. On this record it appears that James Heffernan was the husband of the intestate, Mary Conley Heffernan, and that no sufficient reason appears why letters of administration should not be issued to him as the person legally entitled thereto. No formal findings were made but there was an implied finding that Heffernan was incompetent to act as administrator on the ground of dishonesty. The evidence does not support such finding and it is, therefore, reversed. Whether the appellant, who is *prima facie* the husband, is entitled to share in the distribution of the estate, is a question not raised or considered on this appeal. We limit our decision solely to the question presented, viz., whether on the record the appellant is entitled to letters of administration under the provisions of section 118 of the Surrogate's Court Act.■ Lazansky, P. J., Young, Kapper, Scudder and Davis, JJ., concur.